# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:07-CR-00019 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| GLEN ASHTON, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**MAY 30, 2017**

**BACKGROUND**

On May 10, 2016, Defendant Glen Ashton filed a motion pursuant to 28 U.S.C. § 2255 based upon *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 52. The motion pertained to his conviction in this Court for conspiracy to possess with intent to distribute and distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(b)(1)(B)(i) & 846, as well as his classification as a career offender based upon prior Pennsylvania convictions for robbery and burglary. Mr. Ashton argued that he was no longer a career offender because his predicate offenses no longer qualified as crimes of violence after the elimination of the residual clause in *Johnson*.

On August 29, 2016, Mr. Ashton filed a motion for release on bond pending the decision of the United States Supreme Court in *Beckles v. United States*, No.

15-8544. ECF No. 63. After hearing argument from the parties on a telephonic status conference, this Court granted Defendant's bail motion on August 30, 2016. ECF No. 64. Mr. Ashton was released from federal custody on September 2, 2016, at which time he was taken into state custody as a consequence of a preexisting detainer.

On March 6, 2017, the Supreme Court issued a decision in *Beckles*, 137 S. Ct. 886 (2017). The Court held that the advisory Sentencing Guidelines, including the residual clause found within the definition of crime of violence, are not subject to vagueness challenges under the Due Process Clause.

Since the reasoning of *Johnson*, which found the residual clause in the Armed Career Criminal Act void for vagueness, does not apply to the residual clause in the advisory sentencing guidelines under which Mr. Ashton was sentenced, the parties agree that his bond should be revoked and that he should be returned to federal custody to complete service of his federal sentence.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that Mr. Ashton's bond is **REVOKED**, and he is **REMANDED** to federal custody to complete service of his federal sentence in this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge